# In the United States Court of Federal Claims

No. 19-954C

(Filed:  March 23, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| DAWN RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Motion to Dismiss; RCFC 12(b)(1); |
| | )  Lack of Subject-Matter Jurisdiction; |
| | )  RCFC 12(h)(3). |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>Dawn Rucker</u>, Lincoln, NE, pro se.

<u>Richard P. Schroeder</u>, Trial Attorney, with whom were <u>Joseph H. Hunt</u>, Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director, <u>Allison Kidd-Miller</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

<u>OPINION</u>

CAMPBELL-SMITH, Judge.

Plaintiff filed a complaint with the court on July 1, 2019.  <u>See</u> ECF No. 1. Defendant has moved to dismiss the complaint for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).  <u>See</u> ECF No. 12.  Plaintiff filed a response, ECF No. 14, and defendant filed a reply, ECF No. 15.  For the following reasons, defendant's motion is **GRANTED**.

I.     Background

Plaintiff's complaint is not a model of clarity.  Her claims are presented in a stream of consciousness manner and include allegations related to a purported attempt to murder her and the purported theft of her money.  <u>See</u> ECF No. 1.  Plaintiff references a number of parties, including the Social Security Administration, Bank of America, and an

individual physician, although the named defendants are the "Treasury Dept.'s Comptroller of the Currency Federal Mgmnt. Admn. Fiscal bureau account," Bank of America, and "FDIC Obligator Donald Powell." Id. at 1. Plaintiff also attached a number of documents to her complaint, including several apparent complaints to the Federal Bureau of Investigations (FBI), the Consumer Financial Protection Bureau (CFPB), and the Federal Reserve Financial Crimes Division (Federal Reserve), and a document titled "Formal Legal Court Brief," to which is attached a "RSDI payment history" from 2004, an email purportedly from Bank of America, and a print-out from the Bank of America website listing the bank's officers and directors. See ECF No. 1-1 at 1-28.

Although the court is unable to determine with precision what plaintiff's claims are, her complaint appears to allege that either the Social Security Administration, the comptroller of the currency, or Bank of America misappropriated money from her bank account that was awarded as part of a legal settlement in either 2002 or 2003. See ECF No. 1 at 1, 4-5; see also ECF No. 1-1 at 18-20. Defendant moved to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1), arguing that the court lacks jurisdiction to hear this case. See ECF No. 12 at 1-3. The parties did not request oral argument, and the court deems it unnecessary. The motion is ripe for review. See ECF No. 15.

II.    Legal Standards

Plaintiff is proceeding pro se and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted). Accordingly, the court has examined the complaint and plaintiff's briefing thoroughly to discern all of plaintiff's claims and legal arguments.

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke this court's jurisdiction, plaintiff must show that her claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all

reasonable inferences in plaintiff's favor.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted).  If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint.  See RCFC 12(h)(3).

III.    Analysis

A.    The Court Lacks Subject Matter Jurisdiction in this Case

In its motion to dismiss, defendant argues that the court lacks subject matter jurisdiction because:  (1) the United States is the only proper defendant in this court; (2) plaintiff's claims are frivolous; and (3) plaintiff fails to provide sufficient detail to establish that her claims are timely asserted.[1]  See ECF No. 12 at 2-3.

Plaintiff responds by asserting that defendant's counsel is not "entered onto the record," and by alleging "a Coupe De ETAT 'Financial Terrorism'" by "Treasury Employees" to steal money from her.  ECF No. 14 at 2.

Plaintiff has not met her burden of establishing this court's subject matter jurisdiction.  As defendant points out, the only proper defendant in this court is the United States.  See Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States.") (emphasis in original).  Plaintiff names two individuals and a private entity—the comptroller of the currency, Donald Powell, and Bank of America.  This court does not have jurisdiction over claims against such parties.

Even a liberal construction of plaintiff's complaint—assuming she intended to name the United States by naming the treasury department's comptroller of the currency—does not save her complaint.  Although plaintiff's allegations are unclear, to the extent that they allege misappropriation of her funds, misappropriation is a claim that sounds in tort.  Tort claims are expressly excluded from this court's jurisdiction under the Tucker Act.  See 28 U.S.C. § 1491(a)(1) (giving the court authority to consider claims against the United States "not sounding in tort"); see also Aetna Cas. & Sur. Co. v. United States, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims . . . are expressly beyond our Tucker Act jurisdiction."); Hill v. United States, 118 Fed. Cl. 373, 316 (2014) (finding that plaintiff's claim regarding the misappropriation of his funds fell under the Federal Tort Claims Act, and therefore the court lacked jurisdiction to hear the claim).  As such, the court lacks the authority to consider plaintiff's claims and defendant's motion to dismiss is granted.

---

[1]    Alternatively, defendant argues, plaintiff's complaint fails to state a claim upon which relief can be granted in compliance with RCFC 12(b)(6).  See ECF No. 12 at 3.  Because the court finds that it lacks jurisdiction, the court does not reach this argument.

B.      Transfer of this Case is Not Appropriate

Because the court has concluded that it does not have jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interest of justice:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631 (2012).  "Transfer is appropriate when three elements are met:  (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice."  Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631).

The court has already addressed the first element, finding that it lacks jurisdiction. With regard to whether a United States District Court would have jurisdiction, the court considers the statute of limitations for federal tort actions.  Under the Federal Tort Claims Act:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (2012) (emphasis added).  Plaintiff included what may be liberally construed as letters of complaint to the CFPB and the Federal Reserve with her complaint, dated December 12, 2018, and December 7, 2018, respectively.[2]  See ECF No. 1-1 at 1-6.  In her letters to the CFPB and Federal Reserve, plaintiff alleges that Bank of America stole money out of her account in 2004.  See id. at 4, 6.  Thus, plaintiff's claims of misappropriation arose in 2004.  To have a valid claim, plaintiff would have had to present her claim in writing to the appropriate federal agency before, or in, 2006. Based on the evidence before the court, plaintiff acted least twelve years too late. Because plaintiff's claims are time-barred, the District Court could not exercise jurisdiction, and this case may not properly be transferred.

---

[2]     Plaintiff also included a letter to the FBI in which plaintiff appears to be making a complaint related to illegal immigration, see ECF No. 1-1 at 1, which is neither a civil claim, nor a claim plaintiff appears to be making in the complaint before this court.

IV.    Conclusion

Accordingly, for the foregoing reasons, defendant's motion to dismiss, ECF No. 12, is **GRANTED**.  The clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge